SAVOY, Judge.
This is an action by plaintiff against defendant employer and his insurer for workmen’s compensation benefits as a result of injuries received while in the course and scope of employment.
Defendants filed an answer in the form of a general denial.
After a trial on the merits judgment was rendered in favor of plaintiff and against defendants awarding plaintiff compensation benefits for ten weeks commencing with the date of the accident, May 24, 1968. Plaintiff appealed.
The only medical testimony in the record is that of Dr. Robert O. Emmett, a physician and surgeon. Plaintiff went to the doctor’s office approximately two days after the accident. The trial judge summarized the testimony of Dr. Emmett in the instant case in his written opinion, which we adopt and is as follows:
“Dr. Emmett testified that, considering the various complaints of the plaintiff and his alleged loss of weight, he thought it necessary to perform an exploratory operation to ascertain the possibility of internal cancer. For that reason, he did an incision long enough to permit such exploration and found adhesions of the colon, diverticulitis of the bladder, prostrate trouble, as well as emphysema. He also found that *482 plaintiff had sustained a left inguinal hernia which appeared to be of recent origin, and he proceeded to repair the hernia on the date of the surgery, which was June 10, 1968. At one time, Dr. Emmett considered the possibility of plaintiff having a hernia on his right side, but examined him several times thereafter and was unable to substantiate the same and expressed the opinion that he did not have any hernia on the right side. Dr. Emmett continued to treat the plaintiff from time to time, last seeing him on December 10, 1968. The doctor emphasized that the plaintiff had fully recovered from the hernia condition and hernioplasty in a period of six to ten weeks, which period he allowed for that particular recovery due to the age of plaintiff, which was 67 years at that time. Dr. Emmett emphasized that the hernia that was repaired was a minor part of plaintiff’s physical troubles, but that all of the other difficulties were not caused or aggravated in any manner by the alleged accident sustained by the plaintiff in May, 1968. To further complicate plaintiff’s physical difficulties, he sustained fractured ribs in an automobile accident in early October, 1968. If the plaintiff is otherwise entitled to recover workmen’s compensation, this Court concludes that the only disability sustained by him in the alleged accident in this case was for a period of ten weeks.”
We have reviewed the medical testimony in the record and find the award to plaintiff of ten weeks was proper in the instant case. Plaintiff, in his brief, has asked for remand of the case because of newly discovered evidence. We find nothing in the record which would warrant a reopening of the case. Plaintiff has not attached an affidavit or other document or made a showing upon which we can grant him the relief sought.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.